## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Misty Walton, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Frank & Israel, Ltd., a New York corporation, | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Misty Walton, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Misty Walton ("Walton"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to a doctor for medical services.

4. Defendant, Frank & Israel, Ltd. ("Frank"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts. Defendant Frank operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.

5. Defendant Frank was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Although Defendant Frank is not authorized to conduct business in the State of Alabama it does, in fact, conduct business in Alabama.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for medical services. Defendant Frank attempted to collect this debt from her via negative credit reporting.

8. Unsure about Defendant Frank, and unsure about the debt, Ms. Walton consulted with counsel about her debt issues and the debt that Frank was trying to collect.

9. Accordingly, Ms. Walton's attorney wrote to Defendant Frank, via a letter dated April 26, 2022, to notify it that Ms. Walton was represented by counsel, and that she disputed the debt that Frank was trying to collect. A copy of this letter and fax confirmation is attached as Exhibit A.

10. Ms. Walton's attorney's letter was faxed to, and received by, Defendant Frank at facsimile phone number 315-362-8506, see, Exhibit A.

11. Frank listed facsimile phone number 315-362-8506 with the Nationwide Multistate Licensing System as its designated fax number for Consumer Access, see, NMLS Consumer Access report attached as Exhibit B.

12. On June 27, 2022, Ms. Walton obtained and reviewed copies of her TransUnion credit report, which showed that Defendant Frank had continued to report the medical debt she allegedly owed, but had failed to note that the debt was disputed. The pertinent parts of Ms. Walton's TransUnion credit report are attached as Exhibit C.

13. As a result of Defendant's failure to note that the debt was disputed, when it continued to report the debt to TransUnion, Ms. Walton was forced to take an action to her detriment, by taking the time and expense of having her attorney send Defendant yet another letter, reminding Defendant that she had disputed the debt that it was reporting. A copy of this letter is attached as Exhibit D.

14. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

15. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

16. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Walton, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

17. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

18. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-1154 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

21. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

22. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

25. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

26. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Misty Walton, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Walton, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

        Misty Walton,

        By: s/ David J. Philipps_____
        One of Plaintiff's Attorneys

        By: s/ Ronald C. Sykstus_____
        One of Plaintiff's Attorneys

Dated: July 20, 2022

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com